UNITED STATES DISTRICT COURT

THE WESTERN DISTRICT OF LOUISIANA

JAMES LEWIS

VERSUS                                                  CIVIL ACTION NO. _____

GEICO CASUALTY COMPANY

---

**DEFENDANT, GEICO CASUALTY COMPANY'S, AMENDED NOTICE OF REMOVAL**

---

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Geico Casualty Company, in Cause No. 2020-3358 pending in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, file this Notice of Removal from that court to the United States District Court for the Western District of Louisiana on the basis of diversity of citizenship and amount in controversy and respectfully shows:

**I.**

**FACTUAL BACKGROUND**

1.1     On or about July 10, 2020, plaintiff filed his Original Petition in the matter styled *James Lewis v. Geico Casualty Company*, No. 2020-3358, pending in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, in which plaintiff made claims for personal injuries due to a motor vehicle accident that occurred on March 27, 2019.

1.2     At the time of the alleged accident, James Lewis was operating an automobile that was covered by a policy of insurance issued by Geico Casualty Company, affording UM/UIM coverage to James Lewis with limits of $100,000.00.

1

1.3     Plaintiff served defendant, Geico Casualty Company, with his Original Petition via service on the Louisiana Secretary of State on August 13, 2020 (*see* Exhibit "A").  This was the first pleading served on any defendant.

1.4     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "B" is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in the state court.

## II.

## BASIS OF REMOVAL

2.1     Defendant files this notice of removal within thirty (30) days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See* id.

2.2     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a) and 1446.

### A.     THE PARTIES ARE OF DIVERSE CITIZENSHIP

2.3     Plaintiffs is, and was at the time the lawsuit was filed, a natural person of full age of majority residing in the Parish of Lafayette in the State of Louisiana and thus, is a citizen of Louisiana. *See* Plaintiff's Original Petition. On information and belief, plaintiff intends to continue residing in Louisiana and is thus domiciled in Louisiana. *See* Hollinger v. Home State Mut. Ins. Co._,_ 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is *prima facie* proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of charge).

2.4     Defendant, Geico Casualty Company, was, and at the date of this Notice, remains, an insurance company incorporated and existing under the laws of the State of Maryland, with

principal place of business in the State of Maryland. Accordingly, Geico is a foreign insurance company and citizen of a state other than Louisiana and is therefore, diverse from plaintiff. *See e.g.,* 28 U.S.C. § 1332(c)(1); Robertson v. America's Thrift Stores of La., L.L.C., 2012 U.S. Dist. LEXIS 9886 (M.D. La. Jan. 27, 2012).

### B.    ORIGINAL JURISDICTION

2.5    It is well-settled that federal district courts have jurisdiction under 28 USCA § 1332(a) where the amount in controversy exceeds $75,000.00 and is between citizens of different states. 28 U.S.C. § 1446 (c) provides, in pertinent part:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
> > (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
> > > (i) nonmonetary relief; or
> > > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> >
> > (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).
>
> (3)(A) If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to to discovery, shall be treated as an 'other paper' under subsection (b)(3).

2.6    Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. Gebbia v. Wal–Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000). A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). If it is not "facially

apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir.1999); White v. FCI USA, Inc., 319 F.3d 672, 675 (5th Cir. 2003).

2.7     If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount—a burden which can be met by: (1) showing state procedural rules binding the plaintiff to his/her pleadings; or (2) filing a binding stipulation or affidavit to that effect with the complaint. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995).

2.8     Defendant submits that based on the review of the Petition alone, it is not "facially apparent" that any of the claims would exceed the amount in controversy, as they are very basic allegations of pain in various body parts without any mention of specific medical treatments or the severity of the damages. However, coupled with the medical bills, medical records, surgical recommendation, pre-suit settlement demand, and claim for statutory bad faith penalties, defendant submits that plaintiff will contend that his claim will exceed the jurisdictional limits.

      **a.     Medical Treatment**

Plaintiff is alleging injuries to his neck and back as a result of this incident. He has apparently attended multiple physical therapy sessions and MRIs of his cervical and lumbar spine allegedly show multiple disc herniations. He has received two separate cervical epidural steroid injections and apparently has a surgical recommendation for ACDF at C3-4, C4-5, and C5-6. To date, plaintiff's medical expenses total $16,444.93. He has also received surgical estimates in the amount of $71,782.92.

While defendant disputes the causality and severity of these alleged injuries, it is clear from the medical treatment history provided to date that plaintiff will claim damages in excess of $75,000.00.

### b. Pre-Suit Settlement Demand

Furthermore, plaintiff has already submitted a pre-suit demand to Geico in the amount of $100,000.00, representing Geico's policy limits in this matter.[1]  District Courts in Louisiana have previously considered settlement demands as "valuable evidence" in determining the amount in controversy.  Carver v. Wal-Mart Stores, Inc., 2008 U.S. Dist. LEXIS 38786, at *7 (M.D. La.5/13/08).  The case of Johnson v. Macy's Dep't Store[2] expands upon this proposition:

> All federal courts in Louisiana have relied upon the proposition that pre-petition settlement letters are "valuable evidence" for determining the amount in controversy if that amount is not facially apparent. *See, e.g., Broussard v. Celebration Station Properties, Inc*., No. 13-531, 2014 U.S. Dist. LEXIS 50590, 2014 WL 1402144, at *5 (M.D. La. Apr. 10, 2014) (denying remand where settlement letter demanding $85,000 was found to be "an honest assessment of a reasonable settlement value of the case"); *McGlynn v. Huston*, 693 F. Supp.2d 585, 595 n.8 (M.D. La. 2010) (granting remand where the confidential pre-petition settlement letter clarified that the jurisdictional amount was not satisfied); *Daniels v. Metro. Prop. & Cas. Ins. Co*., No. 03-1900, 2003 U.S. Dist. LEXIS 15369, 2003 WL 22038371, at *3 (E.D. La. Aug. 25, 2003) (denying remand where plaintiff's counsel evaluated the claim at $150,000 in settlement demand letter); *Creppel v. Fred's Stores of Tennessee, Inc*., No. 13-734, 2013 U.S. Dist. LEXIS 96340, 2013 WL 3490927, at *2-3 (E.D. La. July 10, 2013) (denying remand where plaintiff's pre-petition settlement demand letter assessed the value of the case at $80,000); *Soileau v. Louisville Ladder Inc*., No. 08-385, 2008 U.S. Dist. LEXIS 34848, 2008 WL 1924234, at *2 (W.D. La. Apr. 28, 2008) (granting remand where pre-petition settlement demand was for $28,392.37).

Plaintiff's pre-suit settlement demand of policy limits (which in this case are $100,000.00) should therefore serve as proof positive that the amount in controversy in this claim exceeds the jurisdictional amount of $75,000.00.

---

[1] *See* Exhibit C, Settlement Demand, dated April 16, 2020.

[2] 2014 U.S. Dist. LEXIS 158968, at *13-14 (M.D. La. Sep. 19, 2014).

### c. <u>**Claim for Statutory Penalties**</u>

Finally, plaintiff has also included statutory allegations of bad faith pursuant to La. R.S. 22:1973 and 22:1892.[3] It is well settled that such claims can also be taken into consideration when determining the amount in controversy.  In addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages. <u>St. Paul Reinsurance Co. v. Greenberg</u>, 134 F.3d 1250 (5th Cir. 1998).  According to the Fifth Circuit, when a demand is made against an insurance policy up to its limits, statutorily allowed penalties and attorneys' fees should be used to determine the amount in controversy. *See* <u>Hartford Ins. Group v. Lou-Con Inc.</u>, 293 F.3d 908, 911-12 (5th Cir. 2002).  The basis for plaintiff's allegations of bad faith is that Geico failed to remit its policy limits of $100,000.00, which plaintiff now argues should subject Geico to penalties in the amount of (1) twice the amount of damages pursuant to La. R.S. 22:1973 and/or (2) one-half the amount of the claim pursuant to La. R.S. 1973.  Taken together with the medical treatment, medical expenses, and settlement demand, the claim for statutory bad faith penalties should also exceed the jurisdictional amount in controversy of $75,000.00.

Therefore, because plaintiff's claim fits within the requirements of 28 USCA § 1332(a), this matter should be removed.

---

[3] *See* Petition for Damages, ¶ 16-22.

### III.

### **THE REMOVAL IS PROCEDURALLY CORRECT**

3.1     Defendant, Geico Casualty Company, was served with plaintiff's Petition for Damages through service on the Louisiana Secretary of State on August 13, 2020. This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Venue is proper in this District under 28 U.S.C. § 1446(a) because this District includes the parish in which the state action has been pending and because a substantial part of the events giving rise to plaintiffs' claims allegedly occurred in this District.

3.3     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to plaintiff, the adverse party, as well as all other parties of record.

3.5     Pursuant to 28 U.S.C. § 1446 (d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, promptly after defendants file this Notice.

### IV.

### **CONCLUSION**

Based upon the foregoing, the exhibits submitted in support of this Removal, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, defendant, Geico Casualty Company, hereby removes this case to this Court for trial and determination.

Respectfully submitted,

**BARRY & CO, LLC**

/s/Stephen R. Barry
**STEPHEN R. BARRY (#21465)**
*A Professional Law Corporation*
**DAPHNE P. MCNUTT (#20292)**
**RYAN D. KELLEY (#32527)**
612 Gravier Street
New Orleans, Louisiana 70130
Tel: (504) 525-5553
Fax: (504) 525-1909
*Counsel for Geico Casualty Company*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has this date been serviced on all counsel of record in this proceeding by:

    (  )Hand Delivery    (  )Prepaid U.S. Mail

    (  )Facsimile    (  )Federal Express

    ( x )Electronic Mail

New Orleans, Louisiana this 9th day of September, 2020.

/s/Stephen R. Barry
**STEPHEN R. BARRY**

8