## State of Louisiana
## Secretary of State

08/14/2020

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

GEICO CASUALTY COMPANY
FRANK PICKERING, ASSISTANT VICE PRESIDENT
ONE GEICO CENTER
MACON, GA  31295-0001

Suit No.: 20203358
15TH JUDICIAL DISTRICT COURT
LAFAYETTE PARISH

JAMES LEWIS
vs
GEICO CASUALTY COMPANY

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on:  R. KYLE ARDOIN                    Date: 08/13/2020
Served by:  L KLING                           Title:  DEPUTY SHERIFF

**No: 1170254**

TG

LAFPC.CV.61145835
cc_kmmelancon

Ordered by Atty.:  G W RUDICK II

# CITATION

| | |
|---|---|
| **JAMES LEWIS** | **FIFTEENTH JUDICIAL DISTRICT COURT** |
| **VS** | **DOCKET NUMBER: C-20203358 E** |
| **GEICO CASUALTY CO** | **PARISH OF LAFAYETTE, LOUISIANA** |

**STATE OF LOUISIANA**

SERVED ON
R. KYLE ARDOIN

**TO:   GEICO CASUALTY COMPANY**
**THROUGH THE LOUISIANA SECRETARY OF STATE:**
**8585 ARCHIVES AVE.**
**BATON ROUGE, LA 70809**

AUG 13 2020

SECRETARY OF STATE
COMMERCIAL DIVISION

SERVICE COPY

of the Parish of E. BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits).  You should file an answer or other pleading to said petition in the office of the Clerk of the FIFTEENTH JUDICIAL DISTRICT COURT, in the Lafayette Parish Courthouse, LAFAYETTE, Louisiana, within fifteen (15) days after the service hereof.  Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

Witness the Honorable Judges of said Court, this JULY 28, 2020.

_____
Deputy Clerk of Court
Lafayette Parish

**\*Additionally, you are hereby served with the following attached documents and ordered to comply with same:**
**ORIGINAL AND FAXED PETITION FOR DAMAGES, REQUEST FOR NOTICE, AND INTERROGATORIES AND REQUESTS FOR PRODUCTION**

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____ TIME: _____
SERVED: _____
PERSONAL ( ) _____
DOMICILIARY ( ) ON _____
UNABLE TO LOCATE          MOVED ( )          NO SUCH ADDRESS ( )
OTHER REASON: _____
RECEIVED TOO LATE FOR SERVICE   ( )
SERVICE OF WITHIN PAPERS
COSTS FEE $_____  MILEAGE $_____  TOTAL $_____
DEPUTY _____

INDEXED

| JAMES LEWIS        DIV. "E" | 15ᵀᴴ JUDICIAL DISTRICT COURT |
|---|---|
| VERSUS | PARISH OF LAFAYETTE |
|  | STATE OF LOUISIANA |
| GEICO CASUALTY COMPANY | DOCKET NO.: 20-203358 E |

*New Suit*

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **JAMES LEWIS**, being a person of the full age of majority and domiciled in the Parish of Lafayette, State of Louisiana, whom respectfully represents:

1.

The following party is made defendant herein:

    a.    **GEICO CASUALTY COMPANY**, a foreign insurer authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

2.

Jurisdiction and venue are proper in Lafayette Parish, State of Louisiana as this is the Parish where the collision occurred and where the Plaintiff's resulting injuries and damages occurred.

3.

On March 27, 2019, Plaintiff, **JAMES LEWIS**, was the operator of a 2013 Ford Edge vehicle. On the referenced date, Plaintiff was traveling West in the 1700 block of Johnston Street, in the Parish of Lafayette, Louisiana.

4.

On the date referenced hereinabove, Steven Michael Babineaux was operating a 2011 Volkswagen Jetta vehicle traveling West in the 1700 block of Johnston Street, when Babineaux collided with Plaintiff's vehicle.

5.

*CLERK OF COURT*
*LAFAYETTE PARISH, LA*
*2020 JUL 10 PM 3:2*

*FAX*

6.

As a result of the Collision described hereinabove, **JAMES LEWIS** suffered significant personal injuries, including but not limited to, injuries to his neck, back, shoulders, arms, hands, legs and other parts of his body.

7.

Plaintiff, **JAMES LEWIS**, is currently receiving medical treatment and will continue to receive treatment in the future for injuries resulting from the Collision referenced herein. **JAMES LEWIS** is still suffering pain from injuries suffered in the Collision and has not reached maximum medical improvement.

8.

Steven Michael Babineaux's negligent acts consisted of the following non-exclusive particulars:

(a)     improper lane usage and failure to yield;

(b)     careless operation;

(c)     inattentiveness;

(d)     failing to see what he should have seen;

(e)     failing to act as a reasonable or prudent driver would have acted under similar circumstances;

(f)     failing to keep a proper lookout given the circumstances;

(g)     failing to exercise reasonable care and caution under the circumstances then and there existing;

(h)     reckless and wanton disregard for the safety of others;

(i)     failing to follow the laws and regulations of both interstate and intrastate law; and

(j)     other acts, or failures to act, to be shown at trial and other violations of C.C. Art. 2315.

9.

Plaintiff, **JAMES LEWIS**, itemizes his injuries and damages as follows:

(f)     Past, present, and future loss of income and/or earning capacity; and/or

Other damages to be proven at the trial of this matter.

10.

On or about March 20, 2020, **JAMES LEWIS** settled and compromised all claims against Steven Michael Babineaux and his insurer, GEICO Insurance Company ("GEICO") in exchange for payment of Babineaux's policy limits of FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00).

11.

On the date of the Collision, **JAMES LEWIS** was insured by a policy of underinsured/uninsured driver's automobile insurance coverage issued by **GEICO CASUALTY COMPANY** ("GEICO"), which policy provided insurance coverage for the damages and injuries sustained by Plaintiff at the hands of uninsured and/or underinsured defendants.

12.

The amount of insurance provided to Steven Michael Babineaux and any other party, under the insurance policy(ies) issued to them is not sufficient in amount to fully compensate Plaintiff for the injuries and damages sustained in the Collision caused by Steven Michael Babineaux, making Steven Michael Babineaux underinsured on the date of the accident made the basis of this lawsuit, thereby making **GEICO** a property party Defendant herein, and solidarily liable for all injuries and damages to Plaintiff as sued for herein.

13.

Plaintiff, **JAMES LEWIS**, transmitted a demand for payment along with satisfactory proof of loss to **GEICO** on March 4, 2020 relative to injuries sustained in the subject crash, along with confirmation that GEICO and its insured driver, Steven Michael Babineaux, did not have sufficient insurance coverage available to cover Plaintiff's severe injuries.

15.

Despite receipt of satisfactory proof of these losses, and numerous attempts by the undersigned and his staff to contact **GEICO** concerning said demand for payment, **GEICO** has refused to tender payment to **JAMES LEWIS**.

16.

**GEICO**'s refusal to tender UM sums is arbitrary and capricious.

17.

Under Louisiana law, all insurers owe a duty of good faith and fair dealing and must make a reasonable effort to settle with all claimants, in accordance with La. R.S. 22:1973.

18.

When an insurer fails to pay any claim within sixty days after receipt of satisfactory proof of loss, and such failure to pay is arbitrary, capricious, or without probable cause, then the insurer has violated its duty of good faith and fair dealing, per La. R.S. 22:1973(B)(5).

19.

When that occurs, the insurer is liable to the insured for statutory penalties of twice the amount of damages, or five thousand dollars, whichever is greater, in accordance with La. R.S. 22:1973(C).

20.

In the present case, **JAMES LEWIS** is an **GEICO** insured. **GEICO** received satisfactory proof of loss on March 4, 2020 and April 16, 2020, and more than sixty days have elapsed. **GEICO**'s failure to tender UM sums is arbitrary, capricious, or without probable cause, and **GEICO** is therefore liable for bad faith penalties in accordance with La. R.S. 22:1973.

21.

Under Louisiana law, an insurer must pay all sums due to an insured within thirty days of receipt of sufficient proof of loss, in accordance with La. R.S. 22:1892(A)(1). Failure

22.

In the present case, **JAMES LEWIS** is an **GEICO** insured, **GEICO** received satisfactory proof of loss on March 4, 2020 and April 16, 2020, and more than thirty days have elapsed. **GEICO**'s failure to tender additional UM sums is arbitrary, capricious, or without probable cause, and **GEICO** is therefore liable for bad faith penalties in accordance with La. R.S. 22:1892.

III.

**WHEREFORE**, Plaintiff prays:

(1) that this Petition for Damages, together with citation, be issued and served according to law on the Defendant as set forth below; (2) after the lapse of all legal delays and proceedings are had, there be judgment against the defendant, individually, jointly and/or *in solido*, in favor of Plaintiff, in such an amount as is reasonable in the premises; (3) for statutory bad faith penalties of one-half the amount of their claim, or one thousand dollars, whichever is greater, pursuant to La.R.S. 22:1892; (4) For statutory bad faith penalties of twice the amount of her damages, or five thousand dollars, whichever is greater, pursuant to La. R.S. 22:1973; (5) of legal interest from the date of judicial demand on all amounts awarded and for all costs of these proceedings; and (6) for all necessary orders and decrees as may be required or proper in the premises and for any other full, general, legal and equitable relief that this court deems appropriate.

Respectfully submitted,

**G W Rudick II, Bar # 32669**
100 Magnate Drive, Suite A1
Lafayette, Louisiana 70508
Telephone: (337) 326-4535
Facsimile: (337) 326-4536

FAX FILED THIS 10

DAY OF July, 20 20

Deputy Clerk of Court

A TRUE COPY ATTEST

Lafayette, LA 7-20-2020

DY. CLERK OF COURT

Received: 13313264b3b   Jul 10 2020 03:23pm   60756905

| JAMES LEWIS | 15TH JUDICIAL DISTRICT COURT |
|---|---|
| VERSUS | PARISH OF LAFAYETTE |
| | STATE OF LOUISIANA |
| GEICO CASUALTY COMPANY | DOCKET NO.: 2020-3358 E |

## REQUEST FOR NOTICE

**TO THE CLERK OF THE 15TH JUDICIAL DISTRICT COURT**:

Please take notice that **GW RUDICK II**, attorney for **JAMES LEWIS** , does hereby

request written notice of the date of trial of the above matter as well as notice of hearings

(whether on the merits or otherwise), orders, judgments and interlocutory decrees, and any

and all formal steps taken by the parties herein, the Judge or any member of Court, in

accordance with the provisions of Louisiana Code of Civil Procedure Article 1572, 1913 and

1914.

Respectfully submitted,

**G W Rudick II, Bar # 32669**
100 Magnate Drive, Suite A1
Lafayette, Louisiana 70508
Telephone: (337) 326-4535
Facsimile: (337) 326-4536
Email: GW@gwrudick.com
**Attorney for Plaintiff,**
**JAMES LEWIS**

FAX FILED THIS 10

DAY OF July, 2020

Deputy Clerk of Court

A TRUE COPY ATTEST

Lafayette, LA

DY. CLERK OF COURT

60756947

| JAMES LEWIS | 15TH JUDICIAL DISTRICT COURT |
| | PARISH OF LAFAYETTE |
| VERSUS | STATE OF LOUISIANA |
| GEICO CASUALTY COMPANY | DOCKET NO.: 2020 3358E |

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

NOW COMES PLAINTIFF, through undersigned counsel, who propound the following Interrogatories and Requests for Production to defendant as follows:

TO:   **GEICO CASUALTY COMPANY**
Through the Louisiana Secretary of State:
8585 Archives Ave.
Baton Rouge, LA 70809

**PLEASE TAKE NOTICE** that you are hereby required to answer separately, fully, in writing and under oath by a duly authorized agent or representative the Interrogatories hereinafter set forth, and to serve your answers and responses thereto on **GW Rudick II, 100 Magnate Drive, Suite A1, Lafayette, Louisiana, 70508,** attorney for Petitioner, within the delays allowed by the Louisiana Code of Civil Procedure. These interrogatories are deemed to be continuing in nature. In answering these interrogatories, please furnish such information as is available to you, not merely information you now have of your own personal knowledge or merely within the knowledge of the party answering these interrogatories on your behalf. In other words, please furnish information that is in the possession of any of your agents, employees, officers, servants or any other persons acting on your behalf, or information which is otherwise subject to your custody or control.

## INSTRUCTIONS

A.      With respect to any interrogatory or request for production to which you object under a claim of privilege or other doctrine, pleas state:

1.)     The nature of the privilege asserted;
2.)     Whether the allegedly privileged communication was oral or written;
3.)     If in writing, then
    a. Identify the author of the document;
    b. Identify all addresses and recipients of the document or copies thereof;
    c. Indicate the date the document bears, or, if undated, the date that it was written or created;
    d. Identify the type of document as, for instance, letter, memorandum, etc.;

exercising due diligence to secure the full information or knowledge you have concerning the interrogatory or request for production, so state and answer the remaining portion stating whatever information or knowledge you have concerning the remaining portion and detailing your attempt to secure the unknown information.

C.    If you have any questions regarding the scope, meaning or intent of these interrogatories or request for production, please promptly contact undersigned counsel.

## **DEFINITIONS**

**TAKE NOTE** that the following definitions apply to your answers to these interrogatories:

A.    The term **"plaintiff"** means **JAMES LEWIS.**

B.    The terms **"defendant"** and **"GEICO"**, for purposes of these interrogatories mean any division or subdivision of Progressive Security Insurance Company, including any of its or their affiliates, subsidiaries, agents, employees, officers, servants or others subject to its custody or control, including experts, accountants, attorneys and financial advisors/consultants.

C.    The term **"Documents"** shall be broadly construed and shall include, without limitation, every writing, image, data or record of any type that is in your possession, custody, or control, including those kept by electronic, magnetic, photographic, or mechanical means, any drafts or revisions pertaining to any of the foregoing, and any other data compilations from which information may be obtained.   Any document or copy of any document that contains any note, comment, addition, deletion, insertion, annotation, alteration or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to production.

D.    **"Person"** shall mean natural persons, corporations, partnerships, joint ventures, associations, joint stock companies, trusts, unincorporated organizations, governments or political subdivisions thereof, and governmental agencies.

E.    **"You"** and **"Your"** shall mean Defendant, **GEICO INSURANCE COMPANY ("GEICO")**, Defendant's agents, representatives, attorneys, employees, and all persons acting or purporting to act on Defendant's behalf for any purpose or reason whatsoever.

F.    The terms **"and"** and **"or"**, as used herein, shall be construed either conjunctively or disjunctively as necessary to bring within the scope of this demand any document or information that might be deemed outside its scope by another construction of these terms.

G.    The singular form of any noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine and neuter genders.

4.)     Current employer, if known, or if unknown, then last known employer;
5.)     Current work address, if known, or last known work address; and
6.)     Current work telephone number, if known, or last known work telephone number.

J.     **"Identify"** when used with respect to a company, business, or other legal entity shall mean to indicate the following:

1.)     Its name;
2.)     Its address or the address of its principal place of business;
3.)     Its telephone number; and
4.)     Its state of incorporation, in known.

K.     **"Identify"** when used with respect to a document means to state the date of the document, identify the author, all addresses and recipients of the document by appending a copy thereof to your Answers to these Interrogatories and designate the Interrogatory or Interrogatories to which the document is responsive.

L.     **"Accident"** and **"Incident"** shall mean the motor vehicle accident that occurred, on or about November 1, 2018, near milepost 85 on Interstate 10 in Acadia Parish, Louisiana and gave rise to this litigation.

## INTERROGATORIES

### INTERROGATORY NO. 1

Please state whether **"GEICO"** has ever endowed an adjuster with any authority to tender any amount of proceeds regarding the instant claim set forth in Plaintiff's Petition for Damages.

### INTERROGATORY NO. 2:

Please state whether the claims adjuster for **"GEICO"**, or any superior thereof, has ever discussed what, if anything, it would be willing to pay for the claims asserted by Plaintiff and, if so, state that exact amount.

### INTERROGATORY NO. 3:

Please state whether any claims adjuster associated with Plaintiff's file has ever made any settlement recommendations to her/his superiors at **"GEICO"** regarding the claims of Plaintiff; and, if so, state that specific amount.

### INTERROGATORY NO. 4:

**INTERROGATORY NO. 5:**

Please state whether "**GEICO**" had in place a policy or procedure for handling claims such as the ones made by the plaintiff; and, if so, please described the claims policy or procedure in detail.

**INTERROGATORY NO. 6:**

Please state, with specificity, the procedure for reviewing all claims and what record, if any, is made of the review procedure.

**INTERROGATORY NO. 7:**

Please state the procedure for handling incoming documents, including whether such documents are date stamped, and who has responsibility for determining whether a received document is placed into the claims file.

**INTERROGATORY NO. 8:**

Please state the name, address and telephone number of any adjuster who was or is involved in the claim of **JAMES LEWIS**, and state specifically which duties each adjuster(s) was assigned to handle for this claim file.

**INTERROGATORY NO. 9:**

Please list all documents received by "**GEICO**" from **JAMES LEWIS** or his attorney and the date of receipt thereof.

**INTERROGATORY NO. 10:**

Please describe, with specificity, the content of all evaluations regarding the value of Plaintiff's bodily injury claim and the basis therefore.

**INTERROGATORY NO. 11:**

Please state for the last calendar year the average amount paid by "**GEICO**" for disc herniation at C3-4 with cord impingement with moderate central stenosis and for C4-5 and C5-6 disc protrusions consistent with neck pain.

**INTERROGATORY NO. 13:**

Please describe, with specificity, the efforts or actions made by **"GEICO"** to investigate the following issues relative to Plaintiff's claim:

     a)   Underlying liability limits;

     b)   Liability of tortfeasor;

     c)   Medical causation; and

     d)   Plaintiff's damages (both special and general).

**INTERROGATORY NO. 14:**

Please state and describe the basis for any medical causation determinations for Plaintiff's claim.

**INTERROGATORY NO. 15:**

Please state whether the underinsured motorists' coverage applicable to this loss is for "economic only" benefits.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

In connection with the preceding interrogatories, please produce a certified copy of any and all policies of insurance identified in response thereto, including all declaration pages, special endorsements and other attachments thereto.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce a transcript of all statements made by the Plaintiff and/or someone acting on her behalf or any other witness in any way relating the to the accident giving rise to this litigation, whether said statement(s) is in the possession of the **"GEICO"**, its agent, insurance company, investigator, attorney or assign.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents, forms, insurance agreements, contracts, policies, or

**REQUEST FOR PRODUCTION NO. 5:**

Please produce the original evidence and attach true or certified copies of any and all documentary evidence, which you intend or might intend to use as exhibits at the trial of this matter, including but not limited to demonstrative, impeachment and/or physical evidence.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all originals and/or negatives of any and all photographs and/or video recordings taken relating to the Accident.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any and all memorandums, notations, written materials of any kind, or any other document which in any way relates to the valuation of damages sustained by Plaintiff in this matter.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce a copy of any and all surveillance and/or investigative photographs, video tapes, audio tapes or other means of reproduction depicting the Accident and/or pertaining to your investigation of Plaintiff's claim for damages in the above captioned cause.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any and all index reports, bureau reports, and\or other compilations of information in your possession or under your control, and\or procured by you and\or procured at your expense or request, concerning the Plaintiff, the Plaintiff's family, the Plaintiff's prior medical history and conditions, prior accidents to the Plaintiff, and\or any other personal information whatsoever concerning the Plaintiff or any other resident of the Plaintiff's household, which are in your possession or under your control.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce a copy of all records obtained with an authorization of **JAMES LEWIS**, including, but not limited to, medical records, social security records, military records, IRS

**REQUEST FOR PRODUCTION NO. 12:**

Please produce a copy of the results of all computer-generated valuations of Plaintiff's

claim.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce a copy of all hand-written notes used or relative to the evaluation of

Plaintiff's claim.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce a copy of the mathematical formula(s) or algorithm(s) used in the

evaluation of Plaintiff's claim.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce a complete copy of the "**GEICO**" claims file related to Plaintiff's claim

including, but not limited to, all letters, memoranda, call logs, emails, written

communications, etc.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce a "privilege log," if applicable, for all documents or things claimed to

be privileged, or otherwise deemed "non-discoverable" by "**GEICO**".

Respectfully submitted,

**G W Rudick II, Bar # 32669**
100 Magnate Drive, Suite A1
Lafayette, Louisiana 70508
Telephone: (337) 326-4535
Facsimile: (337) 326-4536
Email: GW@gwrudick.com
**Attorney for Plaintiff,**
**JAMES LEWIS**

FILED THIS 10

DAY OF July, 20 20

Deputy Clerk of Court

A TRUE COPY ATTEST

Lafayette, LA          7-20-2020

DY. CLERK OF COURT

| JAMES LEWIS | 15TH JUDICIAL DISTRICT COURT |
|---|---|
| VERSUS | PARISH OF LAFAYETTE |
| | STATE OF LOUISIANA   DIV. "E" |
| GEICO CASUALTY COMPANY | DOCKET NO.: 2020 3358 ·E |

**PETITION FOR DAMAGES**   New Suit

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **JAMES LEWIS**, being a person of the full age of majority and domiciled in the Parish of Lafayette, State of Louisiana, whom respectfully represents:

1.

The following party is made defendant herein:

   a.   **GEICO CASUALTY COMPANY**, a foreign insurer authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

2.

Jurisdiction and venue are proper in Lafayette Parish, State of Louisiana as this is the Parish where the collision occurred and where the Plaintiff's resulting injuries and damages occurred.

3.

On March 27, 2019, Plaintiff, **JAMES LEWIS**, was the operator of a 2013 Ford Edge vehicle. On the referenced date, Plaintiff was traveling West in the 1700 block of Johnston Street, in the Parish of Lafayette, Louisiana.

4.

On the date referenced hereinabove, Steven Michael Babineaux was operating a 2011 Volkswagen Jetta vehicle traveling West in the 1700 block of Johnston Street, when Babineaux collided with Plaintiff's vehicle.

5.

Plaintiff, **JAMES LEWIS**, did not commit any traffic violations, and was not issued any citations in connection with the Collision.

*2020 JUN 22 PM 3:20   CLERK OF COURT LAFAYETTE PARISH, LA.*

6.

As a result of the Collision described hereinabove, **JAMES LEWIS** suffered significant

personal injuries, including but not limited to, injuries to his neck, back, shoulders, arms,

hands, legs and other parts of his body.

7.

Plaintiff, **JAMES LEWIS**, is currently receiving medical treatment and will continue to

receive treatment in the future for injuries resulting from the Collision referenced herein.

**JAMES LEWIS** is still suffering pain from injuries suffered in the Collision and has not

reached maximum medical improvement.

8.

Steven Michael Babineaux's negligent acts consisted of the following non-exclusive

particulars:

(a)     improper lane usage and failure to yield;

(b)     careless operation;

(c)     inattentiveness;

(d)     failing to see what he should have seen;

(e)     failing to act as a reasonable or prudent driver would have acted under similar
        circumstances;

(f)     failing to keep a proper lookout given the circumstances;

(g)     failing to exercise reasonable care and caution under the circumstances then
        and there existing;

(h)     reckless and wanton disregard for the safety of others;

(i)     failing to follow the laws and regulations of both interstate and intrastate law;
        and

(j)     other acts, or failures to act, to be shown at trial and other violations of C.C.
        Art. 2315.

9.

Plaintiff, **JAMES LEWIS**, itemizes his injuries and damages as follows:

(a)     Physical injuries;

(b)     Past, present and future physical pain and suffering;

(c)     Past, present and future mental pain and anguish;

(d)     Past, present and future medical expenses;

(e)     Loss of enjoyment of life and mental anguish;

(f)     Past, present, and future loss of income and/or earning capacity; and/or

Other damages to be proven at the trial of this matter.

10.

On or about March 20, 2020, **JAMES LEWIS** settled and compromised all claims against Steven Michael Babineaux and his insurer, GEICO Insurance Company ("GEICO") in exchange for payment of Babineaux's policy limits of FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00).

11.

On the date of the Collision, **JAMES LEWIS** was insured by a policy of underinsured/uninsured driver's automobile insurance coverage issued by **GEICO CASUALTY COMPANY ("GEICO")**, which policy provided insurance coverage for the damages and injuries sustained by Plaintiff at the hands of uninsured and/or underinsured defendants.

12.

The amount of insurance provided to Steven Michael Babineaux and any other party, under the insurance policy(ies) issued to them is not sufficient in amount to fully compensate Plaintiff for the injuries and damages sustained in the Collision caused by Steven Michael Babineaux, making Steven Michael Babineaux underinsured on the date of the accident made the basis of this lawsuit, thereby making **GEICO** a property party Defendant herein, and solidarily liable for all injuries and damages to Plaintiff as sued for herein.

13.

Plaintiff, **JAMES LEWIS**, transmitted a demand for payment along with satisfactory proof of loss to **GEICO** on March 4, 2020 relative to injuries sustained in the subject crash, along with confirmation that GEICO and its insured driver, Steven Michael Babineaux, did not have sufficient insurance coverage available to cover Plaintiff's severe injuries.

14.

Plaintiff, **JAMES LEWIS**, continues to treat for his injuries in the collision.

15.

Despite receipt of satisfactory proof of these losses, and numerous attempts by the undersigned and his staff to contact **GEICO** concerning said demand for payment, **GEICO** has refused to tender payment to **JAMES LEWIS**.

16.

**GEICO**'s refusal to tender UM sums is arbitrary and capricious.

17.

Under Louisiana law, all insurers owe a duty of good faith and fair dealing and must make a reasonable effort to settle with all claimants, in accordance with La. R.S. 22:1973.

18.

When an insurer fails to pay any claim within sixty days after receipt of satisfactory proof of loss, and such failure to pay is arbitrary, capricious, or without probable cause, then the insurer has violated its duty of good faith and fair dealing, per La. R.S. 22:1973(B)(5).

19.

When that occurs, the insurer is liable to the insured for statutory penalties of twice the amount of damages, or five thousand dollars, whichever is greater, in accordance with La. R.S. 22:1973(C).

20.

In the present case, **JAMES LEWIS** is an **GEICO** insured.  **GEICO** received satisfactory proof of loss on March 4, 2020 and April 16, 2020, and more than sixty days have elapsed.  **GEICO**'s failure to tender UM sums is arbitrary, capricious, or without probable cause, and **GEICO** is therefore liable for bad faith penalties in accordance with La. R.S. 22:1973.

21.

Under Louisiana law, an insurer must pay all sums due to an insured within thirty days of receipt of sufficient proof of loss, in accordance with La. R.S. 22:1892(A)(1).  Failure to make such payment within thirty days, when the failure is arbitrary, capricious, or without probable cause, shall subject the insurer to statutory penalties of fifty percent of the amount due to the insured, or one thousand dollars, whichever is greater, in accordance with La. R.S. 22:1892(B)(1).

22.

In the present case, **JAMES LEWIS** is an **GEICO** insured, **GEICO** received satisfactory proof of loss on March 4, 2020 and April 16, 2020, and more than thirty days have elapsed. **GEICO**'s failure to tender additional UM sums is arbitrary, capricious, or without probable cause, and **GEICO** is therefore liable for bad faith penalties in accordance with La. R.S. 22:1892.

III.

**WHEREFORE**, Plaintiff prays:

(1) that this Petition for Damages, together with citation, be issued and served according to law on the Defendant as set forth below; (2) after the lapse of all legal delays and proceedings are had, there be judgment against the defendant, individually, jointly and/or *in solido*, in favor of Plaintiff, in such an amount as is reasonable in the premises; (3) for statutory bad faith penalties of one-half the amount of their claim, or one thousand dollars, whichever is greater, pursuant to La.R.S. 22:1892; (4) For statutory bad faith penalties of twice the amount of her damages, or five thousand dollars, whichever is greater, pursuant to La. R.S. 22:1973; (5) of legal interest from the date of judicial demand on all amounts awarded and for all costs of these proceedings; and (6) for all necessary orders and decrees as may be required or proper in the premises and for any other full, general, legal and equitable relief that this court deems appropriate.

Respectfully submitted,

**G W Rudick II, Bar # 32669**
100 Magnate Drive, Suite A1
Lafayette, Louisiana 70508
Telephone: (337) 326-4535
Facsimile: (337) 326-4536
Email: GW@gwrudick.com
**Attorney for Plaintiff,**
**JAMES LEWIS**

FILED THIS _____
DAY OF _____ ,20 _____
Deputy Clerk of Court

**PLEASE SERVE:**
**GEICO CASUALTY COMPANY**
Through the Louisiana Secretary of State:
8585 Archives Ave.
Baton Rouge, LA 70809

A TRUE COPY ATTEST
Lafayette, LA
DY. CLERK OF COURT



| JAMES LEWIS | 15TH JUDICIAL DISTRICT COURT |
|---|---|
| VERSUS | PARISH OF LAFAYETTE |
| | STATE OF LOUISIANA |
| GEICO CASUALTY COMPANY | DOCKET NO.: 8003358 E |

## REQUEST FOR NOTICE

**TO THE CLERK OF THE 15TH JUDICIAL DISTRICT COURT:**

Please take notice that **GW RUDICK II**, attorney for **JAMES LEWIS**, does hereby request written notice of the date of trial of the above matter as well as notice of hearings (whether on the merits or otherwise), orders, judgments and interlocutory decrees, and any and all formal steps taken by the parties herein, the Judge or any member of Court, in accordance with the provisions of Louisiana Code of Civil Procedure Article 1572, 1913 and 1914.

Respectfully submitted,

**G W Rudick II, Bar # 32669**
100 Magnate Drive, Suite A1
Lafayette, Louisiana 70508
Telephone: (337) 326-4535
Facsimile: (337) 326-4536
Email: GW@gwrudick.com
**Attorney for Plaintiff,**
**JAMES LEWIS**

FILED THIS ____
DAY OF _____, 20 ___
_____
Deputy Clerk of Court

*Page 6 of 6*

A TRUE COPY ATTEST
Lafayette, LA 7-28-2020
_____
DY CLERK OF COURT

61080701

| JAMES LEWIS | 15TH JUDICIAL DISTRICT COURT |
|---|---|
| VERSUS | PARISH OF LAFAYETTE |
| | STATE OF LOUISIANA |
| GEICO CASUALTY COMPANY | DOCKET NO.: 2020-3359 E |

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

NOW COMES PLAINTIFF, through undersigned counsel, who propound the following Interrogatories and Requests for Production to defendant as follows:

TO:   **GEICO CASUALTY COMPANY**
Through the Louisiana Secretary of State:
8585 Archives Ave.
Baton Rouge, LA 70809

**PLEASE TAKE NOTICE** that you are hereby required to answer separately, fully, in writing and under oath by a duly authorized agent or representative the Interrogatories hereinafter set forth, and to serve your answers and responses thereto on **GW Rudick II, 100 Magnate Drive, Suite A1, Lafayette, Louisiana, 70508**, attorney for Petitioner, within the delays allowed by the Louisiana Code of Civil Procedure. These interrogatories are deemed to be continuing in nature. In answering these interrogatories, please furnish such information as is available to you, not merely information you now have of your own personal knowledge or merely within the knowledge of the party answering these interrogatories on your behalf. In other words, please furnish information that is in the possession of any of your agents, employees, officers, servants or any other persons acting on your behalf, or information which is otherwise subject to your custody or control.

## INSTRUCTIONS

A.    With respect to any interrogatory or request for production to which you object under a claim of privilege or other doctrine, pleas state:

    1.)    The nature of the privilege asserted;
    2.)    Whether the allegedly privileged communication was oral or written;
    3.)    If in writing, then
        a.  Identify the author of the document;
        b.  Identify all addresses and recipients of the document or copies thereof;
        c.  Indicate the date the document bears, or, if undated, the date that it was written or created;
        d.  Identify the type of document as, for instance, letter, memorandum, etc.;
        e.  Describe the subject matter of the document;
        f.  Indicate the nature of the privilege;
        g.  Identify any persons who have had access to the document or its contents, or any part thereof; and
        h.  State the facts giving rise to the claimed privilege.
    4.)    If oral, identify the date and place the communication was made, identify any persons who were present when the communication was made, describe the subject matter of the communication, and state the facts giving rise to the claimed privilege.

B.    If you cannot answer an interrogatory or request for production in full, after

*Page 1 of 7*

exercising due diligence to secure the full information or knowledge you have concerning the interrogatory or request for production, so state and answer the remaining portion stating whatever information or knowledge you have concerning the remaining portion and detailing your attempt to secure the unknown information.

C.    If you have any questions regarding the scope, meaning or intent of these interrogatories or request for production, please promptly contact undersigned counsel.

## DEFINITIONS

**TAKE NOTE** that the following definitions apply to your answers to these interrogatories:

A.    The term **"plaintiff"** means **JAMES LEWIS.**

B.    The terms **"defendant"** and **"GEICO"**, for purposes of these interrogatories mean any division or subdivision of Progressive Security Insurance Company, including any of its or their affiliates, subsidiaries, agents, employees, officers, servants or others subject to its custody or control, including experts, accountants, attorneys and financial advisors/consultants.

C.    The term **"Documents"** shall be broadly construed and shall include, without limitation, every writing, image, data or record of any type that is in your possession, custody, or control, including those kept by electronic, magnetic, photographic, or mechanical means, any drafts or revisions pertaining to any of the foregoing, and any other data compilations from which information may be obtained.   Any document or copy of any document that contains any note, comment, addition, deletion, insertion, annotation, alteration or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to production.

D.    **"Person"** shall mean natural persons, corporations, partnerships, joint ventures, associations, joint stock companies, trusts, unincorporated organizations, governments or political subdivisions thereof, and governmental agencies.

E.    **"You"** and **"Your"** shall mean Defendant, **GEICO INSURANCE COMPANY ("GEICO")**, Defendant's agents, representatives, attorneys, employees, and all persons acting or purporting to act on Defendant's behalf for any purpose or reason whatsoever.

F.    The terms **"and"** and **"or"**, as used herein, shall be construed either conjunctively or disjunctively as necessary to bring within the scope of this demand any document or information that might be deemed outside its scope by another construction of these terms.

G.    The singular form of any noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine and neuter genders.

H.    The phrases **"relate to"** or **"refer to,"** and any variations thereof, shall mean to consist of, embody, reflect, mention, evidence, analyze, involve, comment upon, discuss, describe, to contain a notation of, reference to, or statement about, or to be in any way logically or factually connected with the matter.

I.    **"Identify"** when used with respect to a natural person shall mean to indicate the person's:

       1.)    Name;
       2.)    Current address, if known, or last known address;
       3.)    Current telephone number, if known, or last known telephone number;

*Page 2 of 7*

4.)     Current employer, if known, or if unknown, then last known employer;

5.)     Current work address, if known, or last known work address; and

6.)     Current work telephone number, if known, or last known work telephone number.

J.     **"Identify"** when used with respect to a company, business, or other legal entity shall mean to indicate the following:

1.)     Its name;

2.)     Its address or the address of its principal place of business;

3.)     Its telephone number; and

4.)     Its state of incorporation, in known.

K.     **"Identify"** when used with respect to a document means to state the date of the document, identify the author, all addresses and recipients of the document by appending a copy thereof to your Answers to these Interrogatories and designate the Interrogatory or Interrogatories to which the document is responsive.

L.     **"Accident"** and **"Incident"** shall mean the motor vehicle accident that occurred, on or about November 1, 2018, near milepost 85 on Interstate 10 in Acadia Parish, Louisiana and gave rise to this litigation.

**INTERROGATORIES**

**INTERROGATORY NO. 1**

Please state whether **"GEICO"** has ever endowed an adjuster with any authority to tender any amount of proceeds regarding the instant claim set forth in Plaintiff's Petition for Damages.

**INTERROGATORY NO. 2:**

Please state whether the claims adjuster for **"GEICO"**, or any superior thereof, has ever discussed what, if anything, it would be willing to pay for the claims asserted by Plaintiff and, if so, state that exact amount.

**INTERROGATORY NO. 3:**

Please state whether any claims adjuster associated with Plaintiff's file has ever made any settlement recommendations to her/his superiors at **"GEICO"** regarding the claims of Plaintiff; and, if so, state that specific amount.

**INTERROGATORY NO. 4:**

Please state whether the claims adjuster, during conversations with his/her superiors, has ever opined about what he/she thought the claim was worth and, if so, please state that amount.

**INTERROGATORY NO. 5:**

Please state whether "**GEICO**" had in place a policy or procedure for handling claims such as the ones made by the plaintiff; and, if so, please described the claims policy or procedure in detail.

**INTERROGATORY NO. 6:**

Please state, with specificity, the procedure for reviewing all claims and what record, if any, is made of the review procedure.

**INTERROGATORY NO. 7:**

Please state the procedure for handling incoming documents, including whether such documents are date stamped, and who has responsibility for determining whether a received document is placed into the claims file.

**INTERROGATORY NO. 8:**

Please state the name, address and telephone number of any adjuster who was or is involved in the claim of **JAMES LEWIS**, and state specifically which duties each adjuster(s) was assigned to handle for this claim file.

**INTERROGATORY NO. 9:**

Please list all documents received by "**GEICO**" from **JAMES LEWIS** or his attorney and the date of receipt thereof.

**INTERROGATORY NO. 10:**

Please describe, with specificity, the content of all evaluations regarding the value of Plaintiff's bodily injury claim and the basis therefore.

**INTERROGATORY NO. 11:**

Please state for the last calendar year the average amount paid by "**GEICO**" for disc herniation at C3-4 with cord impingement with moderate central stenosis and for C4-5 and C5-6 disc protrusions consistent with neck pain.

**INTERROGATORY NO. 12:**

Please state whether any changes were made to the evaluation of Plaintiff's claim at any time during the claim's process; and, if so, please identify each individual or committee which made any changes to the valuation.

**INTERROGATORY NO. 13:**

Please describe, with specificity, the efforts or actions made by **"GEICO"** to investigate the following issues relative to Plaintiff's claim:

a) Underlying liability limits;

b) Liability of tortfeasor;

c) Medical causation; and

d) Plaintiff's damages (both special and general).

**INTERROGATORY NO. 14:**

Please state and describe the basis for any medical causation determinations for Plaintiff's claim.

**INTERROGATORY NO. 15:**

Please state whether the underinsured motorists' coverage applicable to this loss is for "economic only" benefits.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

In connection with the preceding interrogatories, please produce a certified copy of any and all policies of insurance identified in response thereto, including all declaration pages, special endorsements and other attachments thereto.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce a transcript of all statements made by the Plaintiff and/or someone acting on her behalf or any other witness in any way relating the to the accident giving rise to this litigation, whether said statement(s) is in the possession of the **"GEICO"**, its agent, insurance company, investigator, attorney or assign.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents, forms, insurance agreements, contracts, policies, or other papers signed by **JAMES LEWIS**, that in any way relate to the accident giving rise to this litigation.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any and all documents received by **"GEICO"** from Plaintiff's counsel.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce the original evidence and attach true or certified copies of any and all documentary evidence, which you intend or might intend to use as exhibits at the trial of this matter, including but not limited to demonstrative, impeachment and/or physical evidence.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all originals and/or negatives of any and all photographs and/or video recordings taken relating to the Accident.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any and all memorandums, notations, written materials of any kind, or any other document which in any way relates to the valuation of damages sustained by Plaintiff in this matter.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce a copy of any and all surveillance and/or investigative photographs, video tapes, audio tapes or other means of reproduction depicting the Accident and/or pertaining to your investigation of Plaintiff's claim for damages in the above captioned cause.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any and all index reports, bureau reports, and\or other compilations of information in your possession or under your control, and\or procured by you and\or procured at your expense or request, concerning the Plaintiff, the Plaintiff's family, the Plaintiff's prior medical history and conditions, prior accidents to the Plaintiff, and\or any other personal information whatsoever concerning the Plaintiff or any other resident of the Plaintiff's household, which are in your possession or under your control.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce a copy of all records obtained with an authorization of **JAMES LEWIS**, including, but not limited to, medical records, social security records, military records, IRS records, or any other records obtained through the use of an authorization in the possession of **"GEICO"** and/or its agents or attorneys.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce a copy of all information or data input into a computer for the purpose of evaluating Plaintiff's claim.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce a copy of the results of all computer-generated valuations of Plaintiff's claim.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce a copy of all hand-written notes used or relative to the evaluation of Plaintiff's claim.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce a copy of the mathematical formula(s) or algorithm(s) used in the evaluation of Plaintiff's claim.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce a complete copy of the "**GEICO**" claims file related to Plaintiff's claim including, but not limited to, all letters, memoranda, call logs, emails, written communications, etc.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce a "privilege log," if applicable, for all documents or things claimed to be privileged, or otherwise deemed "non-discoverable" by "**GEICO**".

Respectfully submitted,

**G W Rudick II, Bar # 32669**
100 Magnate Drive, Suite A1
Lafayette, Louisiana 70508
Telephone: (337) 326-4535
Facsimile: (337) 326-4536
Email: GW@gwrudick.com
**Attorney for Plaintiff,**
**JAMES LEWIS**

FILED THIS ___ DAY OF ___, 20___
Deputy Clerk of Court

A TRUE COPY ATTEST
Lafayette, LA
BY CLERK OF COURT



STEPHEN R. BARRY* †
DAPHNE MCNUTT BARRY
KATHLEEN C. MARKSBURY
W. BRIGGS SCOTT ◊
RYAN D. KELLEY

*A Professional Law Corporation
†Also Admitted In Texas
◊Also Admitted In Mississippi

Of Counsel:
WENDELL R. VERRET

405 WEST MAIN STREET
LAFAYETTE, LOUISIANA 70501
TELEPHONE: (337) 237-2889
FACSIMILE: (337) 237-2878

612 GRAVIER STREET
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: (504) 525-5553
FACSIMILE: (504) 525-1909

WWW.BARRYLAWCO.COM

PLEASE ADDRESS REPLY TO:
**LAFAYETTE**

August 25, 2020

**Via E-File**

Clerk of Court, Lafayette Parish
15th Judicial District Court
P.O. Box 2009
Lafayette, Louisiana 70502

      RE:    *James Lewis v. Geico Casualty Company*
              *No. 20203358-E, 15th JDC, Lafayette Parish, Louisiana*
              Our File No. 25-2330; Claim No. 0561734080101053

Dear Clerk:

      Enclosed please find the original and one (1) copy of Geico Casualty Company's Motion and Order for Extension of Time and Request for Notice to be filed in the record of the above captioned matter. Please submit to the appropriate Judge for signature and return a conformed copy to our office in the enclosed self-addressed stamped envelope. Also enclosed is our firm's check to cover costs.

      Thank you for your assistance and if you have any questions or concerns, please do not hesitate to contact our office.

      With kindest regards, we remain

                      Very truly yours,

                      **BARRY & CO, LLC**

                      */s/ Stephen R. Barry*

                      Stephen R. Barry
                      Ryan D. Kelley

August 25, 2020
Page 2

SRB:dcr
Enclosure(s)
cc:      G.W. Rudick, II, Esq. (via email)

15th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE

STATE OF LOUISIANA

NO. 20203358                                                      DIV. "E"

JAMES LEWIS

VS.

GEICO CASUALTY COMPANY

FILED COPY: _____          _____
                                              DEPUTY CLERK

---

## MOTION & ORDER FOR EXTENSION OF TIME

**NOW INTO COURT**, through undersigned counsel, comes defendant, GEICO CASUALTY COMPANY ("GEICO"), in its capacity as uninsured/underinsured insurance carrier, and reserving all rights, defenses, exceptions and objections to the Petition for Damages, suggests to the court that mover requires additional time within which to investigate plaintiff's claims and to prepare and file pleadings in response to plaintiff's Petition for Damages and discovery request.

That for this purpose, defendant, GEICO, hereby respectfully moves for a thirty-day (30) extension of time from the date this Order is executed within which to plead this suit and file responsive pleadings, and that no prior extension of time has been granted by the court.

**IT IS HEREBY ORDERED** that defendant, GEICO, is hereby granted a thirty-day (30) extension of time from the date this Order is executed, within which to file responsive pleadings in the above-entitled and numbered matter.

Lafayette, Louisiana, this _____ day of _____, 2020.

_____
**JUDGE, 15TH JUDICIAL DISTRICT COURT**
**LAFAYETTE PARISH, STATE OF LOUISIANA**

Respectfully submitted,

**BARRY & CO, LLC**

_____

**STEPHEN R. BARRY (#21465)**
*A Professional Law Corporation*
**DAPHNE P. MCNUTT (#20292)**
**KATHLEEN C. MARKSBURY (#1902)**
**W. BRIGGS SCOTT (#36013)**
**RYAN D. KELLEY (#32527)**
405 West Main Street, Suite 101
Lafayette, Louisiana 70501
Tel: (337) 237-2889
Fax: (337) 237-2878
Email: sbarry@barrylawco.com
Email: rkelley@barrylawco.com
*Counsel for Geico Casualty Company (UM)*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has this date been serviced on all counsel of record in

this proceeding by:

( )   Hand Delivery              ( )   Prepaid U.S. Mail
( X )   Facsimile                ( )   Federal Express
( X )   Electronic Mail

Lafayette, Louisiana this 25th day of August, 2020.

_____
**STEPHEN R. BARRY**

15th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE

STATE OF LOUISIANA

NO. 20203358                                              DIV. "E"

JAMES LEWIS

VS.

GEICO CASUALTY COMPANY

FILED COPY: _____

_____
DEPUTY CLERK

---

## REQUEST FOR NOTICE

In accordance with the Louisiana Code of Civil Procedure, Article 1572, you are hereby requested to give us notice by mail, ten (10) days in advance of the date fixed for trial or hearing of this case whether on exceptions, motions, rules or merits.

We also request immediate notice of all orders or judgments, whether interlocutory or final, made or rendered in this case upon the rendition thereof as provided by the Louisiana Code of Civil Procedure, Articles 1913 and 1914, including notice of judgment in the event that this case, or any part, is taken under advisement, or if the judgment is not signed at the conclusion of trial.

Respectfully submitted by.

**BARRY & CO. LLC**

**By:**  _____
**STEPHEN R. BARRY (#21465)**
*A Professional Law Corporation*
**DAPHNE P. MCNUTT (#20292)**
**KATHLEEN C. MARKSBURY (#1902)**
**W. BRIGGS SCOTT (#36013)**
**RYAN D. KELLEY (#32527)**
405 West Main Street, Suite 101
Lafayette, Louisiana 70501
Tel: (337) 237-2889
Fax: (337) 237-2878
Email: sbarry@barrylawco.com
Email: rkelley@barrylawco.com
*Counsel for Geico Casualty Company (UM)*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has this date been serviced on all counsel of record in this proceeding by:

(   )   Hand Delivery        (   )   Prepaid U.S. Mail
( X )   Facsimile              (   )   Federal Express
( X )   Electronic Mail

Lafayette, Louisiana this 25th day of August, 2020.

_____
**STEPHEN R. BARRY**